UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LOHBECK,<br>Plaintiff,<br>v.<br>CSL PLASMA INC.,<br>Defendant. | Case No. 2:26-cv-01493-DJC-CSK (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 7, 8, 9, 11, 37) |

Plaintiff Stephen Lohbeck is proceeding in this action pro se.[1] Pending before the Court are the following: Plaintiff's motion to remand (ECF No. 7), Plaintiff's first motion for sanctions (ECF No. 8), Plaintiff's "Motion in Argument Against Defendant's Notice of Dismissal" (ECF No. 9), Plaintiff's "Request for Judicial Review of Defendant's Improper Affirmative Defenses, Pattern of Procedural Abuse, and Request for Case Management Conference" (ECF No. 11), and Plaintiff's second motion for sanctions (ECF No. 37). Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file.

For the reasons that follow, the Court recommends DENYING Plaintiff's motion to remand (ECF No. 7), DENYING Plaintiff's first motion for sanctions (ECF No. 8),

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

DENYING Plaintiff's "Motion in Argument" (ECF No. 9) as duplicative of Plaintiff's motion to remand (ECF No. 7), GRANTING IN PART and DENYING IN PART Plaintiff's "Request for Judicial Review" (ECF No. 11), which the Court construes as a motion to strike pursuant to Rule 12(f), and DENYING Plaintiff's second motion for sanctions (ECF No. 37).

## I. BACKGROUND

### A. Factual Allegations

According to the Complaint, between February 12, 2025 and December 25, 2025, Plaintiff visited one of Defendant CSL Plasma Inc.'s donation centers to donate plasma. Complaint, 4/9/2026 Declaration of Natalie B. Fujikawa, Exh. A at 12[2] (ECF No. 1-2) ("Compl."). Plaintiff alleges Defendant prevented him from donating plasma solely because he was 75 years old, without any additional medical justification. *Id.* at 13, 27. The Complaint asserts multiple, sometimes repetitive, causes of action. As best as the Court can tell, Plaintiff brings the following claims: (1) violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.*, for age discrimination; (2) intentional infliction of emotional distress; (3) general negligence; and (4) unfair business practices under California Business & Professions Code § 17200. *Id.* at 13-14. Plaintiff seeks monetary damages, including $10,000,000 in exemplary damages for emotional distress, as well as injunctive relief. *Id.* at 9, 14, 15, 20, 22.

### B. Procedural Posture

Plaintiff initiated this action in Sacramento County Superior Court on December 8, 2025. *See* Compl. at 4. Defendant was served with summons and the Complaint on March 10, 2026. 5/7/2026 Supplemental Declaration of Natalie B. Fujikawa, Exh. A (ECF No. 25). Defendant filed an answer in the state court proceedings on April 8, 2026. 4/9/2026 Fujikawa Decl., Exh. B (ECF No. 1-2). On April 9, 2026, Defendant removed this action on the basis of diversity jurisdiction. Notice of Removal (ECF No. 1).

---

[2] The Court refers to the ECF pagination when citing the Complaint.

On April 15, 2026, Plaintiff filed the following three motions: (1) a motion to remand (ECF No. 7), a motion for sanctions (ECF No. 8), and a "Motion in Argument Against Defendant's Notice of Dismissal" (ECF No. 9). On April 17, 2026, Plaintiff filed a "Request for Judicial Review of Defendant's Improper Affirmative Defenses, Pattern of Procedural Abuse, and Request for Case Management Conference." (ECF No. 11.) Defendant filed oppositions and responses to the motion to remand, motion for sanctions, and "motion in argument" on April 29, 2026. (ECF Nos. 19, 20, 21.) Plaintiff filed replies in support of his motion to remand and motion for sanctions on May 4, 2026. (ECF Nos. 22, 23.) On May 6, 2026, Plaintiff filed an "Attachment" in further support of sanctions against Defendant. (ECF No. 24.) On May 7, 2026, Plaintiff filed another reply in support of his motion to remand. (ECF No. 26.)

On June 10, 2026, the Court issued a minute order indicating that it construes Plaintiff's "Request for Judicial Review" (ECF No. 11) as a motion to strike certain affirmative defenses in Defendant's answer pursuant to Federal Rule of Civil Procedure 12(f). 6/10/2026 Order (ECF No. 27). The Court therefore ordered Defendant to file a response to Plaintiff's construed motion to strike within fourteen days and permitted Plaintiff to file a reply. *Id.* On June 24, 2026, Defendant filed an opposition to Plaintiff's motion to strike. (ECF No. 32.) Plaintiff filed a reply on June 26, 2026 (ECF No. 34) and a second reply on July 1, 2026 (ECF No. 36).

Plaintiff also filed multiple requests for status on June 11, 2026 (ECF No. 28) and June 15, 2026 (ECF Nos. 29, 31), including duplicative requests. Plaintiff also filed a "Notice of Supplemental Misconduct" on June 15, 2026. (ECF No. 30.) On July 1, 2026, Defendant filed a response in opposition to Plaintiff's filings at ECF Nos. 28, 29, and 30.[3] (ECF No. 35.) On July 6, 2026, Plaintiff filed a second motion for sanctions based on Defendant's July 1, 2026 response in opposition. (ECF No. 37.) The Court issued a minute order on July 14, 2026, noting that Plaintiff's second motion for sanctions

---

[3] Defendant opposes ECF No. 31 to the extent it is not duplicative of ECF No. 29. (ECF No. 35 at 2 n.2.)

appears to be duplicative of his prior arguments and requests for sanctions and that Defendant is not required to respond to Plaintiff's July 6, 2026 motion for sanctions. 7/14/2026 Order (ECF No. 38). The Court instructed Plaintiff not to continue filing duplicative motions and requests. *Id.*

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### B. Removal and Remand

28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). If at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

Courts strictly construe the removal statute against removal jurisdiction "and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *GranCare, LLC v. Thrower*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The strong presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

**C. Motion to Strike Affirmative Defenses**

Rule 12(f) states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft, Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Generally, motions to strike affirmative defenses are disfavored and infrequently granted." *Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC*, 2015 WL 4496349, at *1 (E.D. Cal. July 23, 2015) (citation and internal quotation marks omitted).

## III. DISCUSSION

**A. Motion to Remand**

Defendant removed this action based on diversity jurisdiction. Notice of Removal at 3-4 (ECF No. 1). Plaintiff moves to remand on the grounds that complete diversity does not exist, the amount-in-controversy threshold has not been established, and Defendant's removal is procedurally defective. Pl. Mot. Remand at 1 (ECF No. 7).

The Court first addresses the preliminary issue of Plaintiff's supplemental reply in support of his motion to remand (ECF No. 26).

1. <u>Plaintiff's Supplemental Reply</u>

On May 7, 2026, Plaintiff filed a second reply to Defendant's opposition to

Plaintiff's motion to remand. (ECF No. 26.) Plaintiff did not seek or receive leave of court to file a supplemental brief. Plaintiff therefore did not have a right to file a supplemental brief under the Local Rules or the Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule 230(m). Accordingly, the Court declines to consider Plaintiff's supplemental reply.

2. <u>Diversity of Citizenship</u>

"Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). "The natural person's state citizenship is . . . determined by her state of domicile," that is, "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both the state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the corporation's 'nerve center,'" which is "normally . . . where the corporation maintains its headquarters —provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

The removing defendant must "allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857. "Once challenged, the party asserting diversity jurisdiction must 'establish[ ] complete diversity by a preponderance of the evidence.'" *Bailey v. LoanCare LLC*, 2026 WL 413594, at *2 (C.D. Cal. Jan. 27, 2026) (quoting *Robertson v. GMAC Mortg., LLC*, 640 F. App'x 609, 613 (9th Cir. 2016)). Here, the parties do not dispute that Plaintiff is a citizen of California. *See* Notice of Removal at 3. Defendant's citizenship is more difficult to determine due to errors and inconsistent arguments made by Defendant. The Court concludes that Defendant is a citizen of Delaware, where it was incorporated, and Florida, where it maintains its principal place of business. *See* 4/29/2026 Declaration of Bruce J. Douglas, Exh. E (ECF No. 19-1) (incorporation); Notice of Removal at 3; Declaration of Scott Chomiak ¶¶ 5-6 (ECF No. 1-3) (principal place of business). Defendant initially asserts in its Notice of

Removal that it is in part a citizen of Australia, because its parent company is incorporated in Australia. *See* Notice of Removal at 3. This is incorrect because a parent company's citizenship is not imputed to a subsidiary. *See Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992). Defendant appears to drop this contention in its opposition to Plaintiff's motion to remand. *See* Def. Opp'n Remand (ECF No. 19). In its opposition, Defendant contends that its principal place of business is King of Prussia, Pennsylvania and also Boca Raton, Florida. *See* Def. Opp'n Remand at 6. Defendant's Notice of Removal and supporting declaration, however, support finding that Defendant's principal place of business is in Boca Raton, Florida. *See* Notice of Removal at 3; Chomiak Decl. ¶¶ 5-6. A closer review suggests the reference to King of Prussia, Pennsylvania in Defendant's opposition is likely a drafting error as this is the location where the Chomiak declaration was executed. Notwithstanding this error, Defendant's evidence in support of removal points to its citizenship being in Delaware, where it was incorporated; and Florida, where it maintains its principal place of business. Diversity of citizenship is therefore satisfied.

Plaintiff raises several arguments against diversity of citizenship. None succeed. First, Plaintiff argues that Defendant fails to provide sufficient evidence to support its allegation that Defendant is not a citizen of California. Pl. Mot. Remand at 2. However, Plaintiff presents no evidence rebutting Defendant's declaration from Scott Chomiak, attached to Defendant's Notice of Removal, attesting that Defendant CSL Plasma's principal place of business is in Boca Raton, Florida, where its headquarters are located. *See Myers v. Wells Fargo Sec., LLC*, 2019 WL 6329629, at *4 (C.D. Cal. Nov. 25, 2019) (holding that unrebutted statements by defendant's employee declaration were sufficient to demonstrate defendant was not citizen of California). Although Plaintiff contends that an employee declaration is insufficient proof of a corporate party's citizenship, *see* Pl. Mot. Remand at 2,[4] courts routinely accept declaration evidence as sufficient support for

---

[4] As Defendant points out, Plaintiff's citation to *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) for the point that declarations are insufficient evidence lacks any basis in the

a party's citizenship. *See Bashir v. Boeing Co.*, 245 F. App'x 574 (9th Cir. 2007) (holding that signed declaration as to Boeing's citizenship accompanying notice of removal "established diversity by a preponderance of the evidence"); *Hammond v. Sutherland Glob. Servs., Inc.*, 2021 WL 2982909, at *2 (C.D. Cal. July 15, 2021) (collecting cases).

Plaintiff also makes general assertions regarding the extent of Defendant's business activities in California. Pl. Mot. Remand at 3. These conclusory assertions fail to contravene Defendant's adduced evidence. "Arguments in a party's brief are not competent evidence and do not suffice to show that a party's citizenship is other than what is alleged in a notice of removal." *Zeppeiro v. Green Tree Servicing, LLC*, 2014 WL 12596312, at *7 (C.D. Cal. June 16, 2014). Plaintiff raises no serious challenge to Defendant's evidence showing its citizenship is in Delaware and Florida. Thus, the parties are diverse for purposes of federal jurisdiction.

Finally, Plaintiff also argues that even if diversity jurisdiction existed, the Court should decline jurisdiction under 28 U.S.C. § 1332(d)(4) because the events giving rise to Plaintiff's claims occurred in California. Pl. Mot. Remand at 3. This argument fails because 28 U.S.C. § 1332(d) applies only to class actions, and this case is not a class action.

3. Amount in Controversy

Diversity jurisdiction requires the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a). When removal is made on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted).

---

opinion itself. *See* Pl. Mot. Remand at 2; Def. Opp'n Remand at 6.

Here, Defendant points out that the Complaint alleges at least $10,000,000 in punitive damages. Notice of Removal at 4; Compl. at 8, 9, 14, 22. Although Plaintiff's declaration in support of remand states that Plaintiff "did not allege damages exceeding $75,000" (ECF No. 7 at 8), this statement is plainly contradicted by the Complaint. The amount-in-controversy requirement is satisfied and Plaintiff's arguments to the contrary fail. *See* Pl. Mot. Remand at 3; *Guglielmino*, 506 F.3d at 699; *Smiley v. PNC Bank, N.A.*, 2025 WL 304462, at *4 (S.D. Cal. Jan. 27, 2025) (denying motion to remand where plaintiff alleged between $5 million and $10 million in damages but labeled his own allegations as "speculative" because nothing indicated by a "legal certainty" that plaintiff could not recover that amount); *Lin v. Amazon.com Servs. LLC*, 2024 WL 2800985, at *2 (N.D. Cal. May 30, 2024). Because Plaintiff has not challenged whether it appears to a "legal certainty" that he cannot recover the amount alleged in his Complaint, Defendant has met its burden to establish the amount-in-controversy requirement.

4. Procedural Defects

Plaintiff makes two arguments why Defendant's removal is procedurally defective. First, Plaintiff argues that Defendant failed to attach "all process, pleadings, and orders" in the state action in violation of 28 U.S.C. § 1446(a). Pl. Mot. Remand at 4-5. Even if that were the case, and it does not appear that Defendant omitted any documents served upon it in the state court from the record, such a "de minimis procedural defect" does not warrant remand. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (declining to grant remand on grounds that removing party failed to attach complaint to notice of removal because defect is curable in federal court).[5]

Second, Plaintiff's declaration in support of his motion to remand argues that removal was untimely because the summons and the Complaint were served on Defendant on December 15, 2025. (ECF No. 7 at 8.). Plaintiff's argument for untimely

---

[5] Plaintiff incorrectly cites *Kuxhausen* as taking the opposite position that "[f]ailure to attach every document served in state court requires remand," which *Kuxhausen* clearly does not endorse. Pl. Mot. Remand at 5.

removal is belied by the state court record, which shows Defendant's registered agent was served on March 10, 2026.[6] 4/29/2026 Douglas Decl., Exh. D (ECF No. 19-1); 5/7/2026 Fujikawa Decl., Exh. A. The record reflects, however, that the Complaint was *filed* in December 2025. *See* Compl. It is unclear to the Court whether Plaintiff's declaration, made under penalty of perjury, deliberately mischaracterizes the record or merely reflects a misunderstanding of the process of serving summons. Regardless, because the Notice of Removal was filed on April 9, 2026, within 30 days of service on March 10, 2026, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

In summary, none of Plaintiff's arguments for remand have merit. Accordingly, the Court recommends Plaintiff's motion for remand be denied.

**B. Motion for Sanctions**

Plaintiff filed two motions for sanctions. First, on April 15, 2026, Plaintiff filed a motion for sanctions pursuant to "California Code of Civil Procedure § 128.7(b)"[7] and the Court's inherent authority to issue sanctions, on the following grounds: (1) Defendant's removal is frivolous; (2) Defendant knowingly misrepresented grounds for federal jurisdiction; and (3) Defendant raised numerous boilerplate affirmative defenses. Pl. 1st Mot. Sanctions (ECF No. 8). Plaintiff also filed an "Attachment: to plaintiff's motion and argument for sanctions to be granted." (ECF No. 24.) The Court construes this filing as a supplemental brief in support of Plaintiff's first motion for sanctions, which the Court declines to consider because Plaintiff did not seek leave to file supplemental briefing. The Court also disregards Plaintiff's "Notice of Supplemental Misconduct" filed on June 15, 2026, which, in addition to being another unauthorized supplemental brief, fails to contain any facts showing misconduct but instead includes only bracketed placeholders

[6] In his reply in support of sanctions, Plaintiff again asserts that "Plaintiff's complaint was filed, stamped, and served on December 15, 2025," Pl. Reply. Sanctions at 3 (ECF No. 23), but Plaintiff provides no documentary evidence to support his contention or disprove Defendant's date of service.

[7] California Code of Civil Procedure § 128.7 is the state analogue to Federal Rule of Civil Procedure 11, but does not appear to apply in federal court. *See Twin City Fire Ins. Co. v. Spry*, 2014 WL 12564022, at *2 (C.D. Cal. May 12, 2014).

for those facts. (*See* ECF No. 30 at 2.)

Second, on July 6, 2026, Plaintiff filed a second motion for sanctions pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority to issue sanctions, in response to Defendant's July 1, 2026 response in opposition (ECF No. 35) to Plaintiff's requests for status (ECF Nos. 28, 29) and "Notice of Supplemental Misconduct" (ECF No. 30), on the following grounds: (1) Defendant falsely states that Plaintiff's filings are "duplicative," "vexatious," and "incoherent"; (2) Defendant makes an age-based discriminatory statement in its opposition to remand; (3) Defendant misstates the law; (4) Defendant falsely states that Plaintiff is designated a "vexatious litigant" in California state courts; and (5) Defendant falsely states that Plaintiff's June 15, 2025 "Notice of Supplemental Misconduct" contains drafting placeholders. Pl. 2d Mot. Sanctions (ECF No. 37).

Courts may sanction attorneys for "excess costs, expenses, and attorneys' fees" if they "unreasonably and vexatiously" multiply the proceedings in a case. 28 U.S.C. § 1927. Sanctions under § 1927 "must be supported by a finding of subjective bad faith." *Lake v. Gates*, 130 F.4th 1064, 1070 (9th Cir. 2025) (quoting *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015)). "[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument." *Lake*, 130 F.4th at 1070 (citation omitted). Likewise, under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Courts may also issue sanctions under their inherent authority when attorneys or parties act "in bad faith, vexatiously, wantonly, or for oppressive reasons . . . [or] willfully abuse judicial processes." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).

The Court recommends denying Plaintiff's first motion for sanctions as meritless for several reasons. First, as explained above, Defendant's removal has merit, so sanctions are not appropriate on that ground. Second, Plaintiff's claims that "Defendant

asserted federal-question jurisdiction" and that "Defendant's Notice of Removal misstates the law" are incorrect.[8] Pl. 1st Mot. Sanctions at 2-3. Third, to the extent Plaintiff seeks sanctions based on Defendant's statements in its briefing, *see* Pl. Reply Sanctions at 5 (ECF No. 23), the Court finds that Defendant's statements do not rise to the level of serious abuse warranting the imposition of sanctions. Fourth, Plaintiff has also not satisfied the safe harbor provision under Rule 11(c)(2), which provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Here, Plaintiff provided no evidence that he satisfied the safe harbor provision. In addition to failing to raise meritorious grounds for sanctions, Plaintiff's failure to comply with the safe harbor provisions bars granting his motion insofar as it seeks sanctions under Rule 11. *See Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998) (reversing Rule 11 sanctions because party seeking sanctions failed to comply with safe harbor provision). Plaintiff's first request for sanctions should be denied.

The Court also recommends denying Plaintiff's second motion for sanctions as meritless. Plaintiff fails to identify any genuinely frivolous legal arguments or false statements of fact or law in Defendant's response in opposition (ECF No. 35) or prior filings. For example, Defendant accurately notes that Plaintiff's "Notice of Supplemental Misconduct" includes bracketed placeholders rather than concrete factual allegations of Defendant's misconduct, and Plaintiff is incorrect that he has since "submitted a corrected version with full factual details." Pl. 2d Mot. Sanctions at 4. Further, Plaintiff's second motion for sanctions is duplicative to the extent that several of Plaintiff's arguments are repeated from earlier filings, such as Plaintiff's claims that Defendant

---

[8] Plaintiff's reply in support of his first motion for sanctions also misquotes *Gaskell v. Weir*, 10 F.3d 626 (9th Cir. 1993). Plaintiff asserts *Gaskell v. Weir* says that "sanctions [are] appropriate where defenses are asserted with 'no evidentiary support.'" Pl. Reply Sanctions at 4. The phrase "no evidentiary support" is not found in the opinion, which deals with a frivolous complaint, not affirmative defenses.

made abusive or harassing remarks, which the Court again rejects as not rising to the level of warranting sanctions; and that Defendant incorrectly identifies Plaintiff as a "vexatious litigant" in state court, which is accurately reflected on the state court records provided by Defendant. *See* Pl. 2d Mot. Sanctions at 2, 3; Pl. Reply Sanctions at 2, 5; 4/29/2026 Douglas Decl., Exh. A (ECF No. 19-1 at 5). Thus, Plaintiff's second motion fails to show that Defendant's statements and arguments warrant sanctions under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority. The Court also cautions Plaintiff against seeking sanctions that appear to be meritless.

### C. Plaintiff's Motion to Strike

Plaintiff filed a "Request for Judicial Review of Defendant's Improper Affirmative Defenses, Pattern of Procedural Abuse, and Request for Case Management Conference." (ECF No. 11.) The Court construes Plaintiff's filing as a motion pursuant to Rule 12(f) to strike certain of Defendant's affirmative defenses in its Answer. *See* Answer, 4/9/2026 Fujikawa Decl., Exh. B (ECF No. 1-2). Pursuant to the Court's June 10, 2026 minute order, Defendant filed an opposition on June 24, 2026. Def. Opp'n Strike (ECF No. 32). Plaintiff filed a reply on June 26, 2026. Pl. Reply Strike (ECF No. 34). On July 1, 2026, Plaintiff filed a second reply to Defendant's opposition to Plaintiff's motion to strike. (ECF No. 36.) Plaintiff did not seek or receive leave of court to file a supplemental brief in support of Plaintiff's motion to strike. Therefore, the Court again declines to consider Plaintiff's supplemental reply. *See* E.D. Cal. Local Rule 230(m).

Defendant's Answer asserts thirty affirmative defenses, the majority of which appear to be boilerplate assertions. Plaintiff argues certain affirmative defenses should be stricken because they contradict allegations in the Complaint, lack supporting allegations, or fail as a matter of law. Pl. Mot. Strike (ECF No. 11). Defendant in opposition asserts that Plaintiff's filing should not be construed as a motion to strike because it is conclusory and procedurally defective. Def. Opp'n Strike at 3-4. Defendant also challenges Plaintiff's construed motion to strike on the merits. *Id.* at 5-12. The Court has reviewed each affirmative defense identified by Plaintiff in his construed motion and

reaches the following conclusions.

1. Insufficiently Pleaded Defenses

First, the Court finds multiple affirmative defenses have not been pleaded with sufficient particularity such that Plaintiff has fair notice of the basis for the asserted defense. *See* Pl. Mot. Strike at 4. The Ninth Circuit applies the "fair notice" standard to affirmative defenses. *Chock v. Stryker Corp.*, 2025 WL 1797933, at *1 (E.D. Cal. June 30, 2025) (citing *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)). The "fair notice" standard "is relatively low" but nonetheless requires pleading "some valid factual basis" to support the affirmative defense. *Spencer v. Sherman*, 2025 WL 3653560, at *2 (E.D. Cal. Dec. 17, 2025), *report and recommendation adopted,* 2026 WL 175278 (E.D. Cal. Jan. 22, 2026). To properly plead an affirmative defense, "defendants must provide more than bare boilerplate references to various doctrines." *United States v. Peters*, 2024 WL 4480190, *2 (E.D. Cal. Oct. 11, 2024).

The Court notes, as does Defendant in its opposition, that some courts have held that general boilerplate language is sufficient to provide fair notice of a defense. *See* Def. Opp'n Strike at 6-7 (citing *Springer v. Fair Isaac Corp.*, 2015 WL 7188234 (E.D. Cal. Nov. 16, 2015)); *Motley v. Covello*, 2025 WL 3640690, at *3 (E.D. Cal. Dec. 16, 2025) ("This court agrees with the view . . . that general boilerplate language is enough to give fair notice of a defense."). The Court respectfully disagrees with those opinions. "[F]act-barren affirmative defenses or bare references to doctrines or statutes . . . do not afford fair notice of the nature of the defense pleaded." *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016) (quoting *United States v. Gibson Wine Co.*, 2016 WL 1626988, *5 (E.D. Cal. Apr. 25, 2016) (collecting cases)). Further, although Defendant argues that the facts upon which an affirmative defense is based need not be pleaded until discovery has commenced, *see* Def. Opp'n Strike at 7, that argument "would make an end-run around Rule 8 and Rule 15(a)(2) of the Federal Rules of Civil Procedure. . . . If a defendant later discovers facts that might indicate that an affirmative defense might apply, it may seek leave to amend to add that affirmative

defense." *Gomez*, 188 F. Supp. 3d at 994 n.2.

Accordingly, pursuant to the "fair notice" standard as set forth above, the Court finds the following affirmative defenses are conclusorily alleged without supporting factual allegations: (4) consent; (13) unclean hands; (20) assumption of risk; (22) estoppel; (24) indemnity; (25) fraud; (28) res judicata and collateral estoppel; and (29) waiver. The Court recommends granting Plaintiff's motion to strike as to these affirmative defenses, with leave to amend to the extent Defendant can allege facts supporting the defenses. *See* Pl. Mot. Strike at 1-2, 3, 4; *see also, e.g.*, *Rivera v. Greene, Fidler & Chaplan, LLP*, 2025 WL 2244013, at *3 (E.D. Cal. Aug. 6, 2025) (striking affirmative defenses, including for "waiver, estoppel, and/or laches," "unclean hands," and "res judicata," for lack of factual basis); *Peters*, 2024 WL 4480190, at *2.

However, the Court recommends denying Plaintiff's motion as to the Twelfth Affirmative Defense (statute of limitations) because Defendant pleads the applicable statutes. *See* Answer at 4; *Banga v. Am. Fam. Connect Prop. Cas. Ins. Co.*, 2026 WL 183757, at *4 (E.D. Cal. Jan. 23, 2026) (holding statute of limitations defense adequately pleaded with four listed statutes). Similarly, the Court rejects Plaintiff's arguments as to the Twenty-Seventh Affirmative Defense (federal preemption) because Defendant identifies the federal statutes that may preempt Plaintiff's claims. *See* Answer at 6-7. Plaintiff's arguments that the Twelfth Affirmative Defense and Twenty-Seventh Affirmative Defense are legal arguments rather than affirmative defenses is incorrect; both are proper affirmative defenses to raise in an answer. *See* Pl. Mot. Strike at 2-3; *Banga*, 2026 WL 183757, at *4; *Shook v. Indian River Transp. Co.*, 72 F. Supp. 3d 1119, 1122 (E.D. Cal. 2014) ("Federal preemption is an affirmative defense upon which the defendants bear the burden of proof.").

2. <u>Denials Pleaded as Defenses</u>

"[D]enials of the allegations in the complaint or allegations that the Plaintiff cannot prove the elements of his claim are not affirmative defenses." *J & J Sports Prods., Inc. v. Montanez*, 2010 WL 5279907, at *2 (E.D. Cal. Dec. 13, 2010). Accordingly, the Court

recommends granting Plaintiff's motion to strike without leave to amend as to the following affirmative defenses for improperly constituting denials of Plaintiff's claims or allegations: (7) no extreme or outrageous conduct; (8) no severe emotional distress; (14) superseding acts of third persons; (16) comparative fault; and (18) uncertain, ambiguous, and unintelligible pleading. *See* Pl. Mot. Strike at 2, 3; *Schmitz v. Asman*, 2022 WL 2340614, at *24 (E.D. Cal. June 29, 2022) (striking affirmative defenses that constitute denials, including lack of malicious intent, negligence of others, and vague pleading), *report and recommendation adopted,* 2022 WL 2954241 (E.D. Cal. July 26, 2022). Although the First Affirmative Defense for failure to state a cause of action is technically a denial, the Court declines to strike this defense because Rule 12(h)(2)(A) expressly permits pleading failure to state a claim in an answer. *See* Fed. R. Civ. P. 12(h)(2)(A); *Park v. Kitt*, 2021 WL 1210364, at *2 (E.D. Cal. Mar. 31, 2021).

Finally, the Court recommends denying Plaintiff's request to strike "[a]ny other defenses unsupported by facts or law." Pl. Mot. Strike at 4. It is Plaintiff's burden, not the Court's, to identify which affirmative defenses in Defendant's Answer should be stricken. *See Crook v. San Bernardino Cnty. Sheriff's Dep't*, 2024 WL 3469042, at *3 n.5 (C.D. Cal. June 13, 2024) ("The Court will not manufacture arguments for a party, and, therefore, will not parse the Answer to determine whether defenses Plaintiff does not mention are in any manner deficient.") (citations and internal quotation marks omitted). Further, the Court declines to strike affirmative defenses identified in Plaintiff's reply but not in Plaintiff's motion. *See* Pl. Reply Sanctions at 4-5 (discussing Tenth, Eleventh, Fifteenth, and Thirtieth affirmative defenses); *see also Talece Inc. v. Zhang*, 2022 WL 580869, at *3 (N.D. Cal. Feb. 25, 2022); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

/ / /

/ / /

/ / /

**D. Plaintiff's Miscellaneous Requests**

Plaintiff has also filed several miscellaneous requests.[9] (ECF Nos. 9, 11.) The Court addresses each in turn.

Plaintiff filed a "Motion in Argument Against Defendant's Notice of Dismissal" (ECF No. 9), which appears to be another motion for remand. The Court recommends Plaintiff's motion be denied as duplicative of Plaintiff's motion to remand (ECF No. 7).

Additionally, Plaintiff's "Request for Judicial Review" (ECF No. 11) requests that the Court set a case management conference to address Defendant's affirmative defenses and set a discovery schedule. (ECF No. 11 at 4-5.) The Court declines to set a case management conference at this time because Defendant's affirmative defenses are addressed in these findings and recommendations, and a pretrial scheduling order is premature until the issue of remand has been resolved.

**E. Use of Generative Artificial Intelligence**

Federal Rule of Civil Procedure 11 applies to all parties, including parties such as Plaintiff who are proceeding without an attorney. *See* Fed. R. Civ. P. 11. Though the Court has not issued an order prohibiting the use of generative artificial intelligence ("generative AI") by parties in their pleadings and filings, Plaintiff is cautioned that whether he uses or does not use generative AI or some other tool, Rule 11 still applies and he is responsible to ensure that any pleading or filing submitted to the court: "(1) [ ] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically

---

[9] Not including Plaintiff's "Opposition to Defendant's Motion to Dismiss" (ECF No. 6), which the Court will disregard as no motion to dismiss has been filed by Defendant.

so identified, are reasonably based on belief or a lack of information." *See* Fed. R. Civ. P. 11(b).

The Court has serious concerns that Plaintiff's submissions to the Court have contained multiple misrepresentations or misquotations of cases, as well as misstatements of the record. "Such misquotations, miscitations, and misrepresentations often indicate the presence of artificial intelligence-generated hallucinations." *Doe 1 v. Lai*, 2026 WL 1004947, at *1 (C.D. Cal. Feb. 17, 2026). Regardless of whether Plaintiff is or is not using generative AI, Plaintiff is warned that misrepresentations or misleading representations to the Court may be sanctionable pursuant to Rule 11(b) and the court's inherent authority.

**IV. CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a case management conference (ECF No. 11) is DENIED.

Further, based upon the findings above, it is RECOMMENDED:

1. Plaintiff's motion to remand (ECF No. 7) be DENIED;
2. Plaintiff's motion for sanctions (ECF No. 8) be DENIED;
3. Plaintiff's motion in argument (ECF No. 9) be DENIED as duplicative;
4. Plaintiff's motion for sanctions (ECF No. 37) be DENIED; and
5. Plaintiff's motion to strike affirmative defenses in Defendant's Answer (ECF No. 11) be GRANTED IN PART and DENIED IN PART as follows:
   a. Fourth Affirmative Defense (consent): stricken with leave to amend;
   b. Seventh Affirmative Defense (no extreme or outrageous conduct): stricken without leave to amend;
   c. Eighth Affirmative Defense (no severe emotional distress): stricken without leave to amend;
   d. Thirteenth Affirmative Defense (unclean hands): stricken with leave to amend;

e. Fourteenth Affirmative Defense (superseding acts): stricken without leave to amend;

f. Sixteenth Affirmative Defense (comparative fault): stricken without leave to amend;

g. Eighteenth Affirmative Defense (uncertain, ambiguous, unintelligible pleading): stricken without leave to amend;

h. Twentieth Affirmative Defense (assumption of risk): stricken with leave to amend;

i. Twenty-Second Affirmative Defense (estoppel): stricken with leave to amend;

j. Twenty-Fourth Affirmative Defense (indemnity): stricken with leave to amend;

k. Twenty-Fifth Affirmative Defense (fraud): stricken with leave to amend;

l. Twenty-Eighth Affirmative Defense (res judicata/collateral estoppel): stricken with leave to amend;

m. Twenty-Ninth Affirmative Defense (waiver): stricken with leave to amend;

n. Plaintiff's motion to strike is denied as to all other affirmative defenses pleaded in the Answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the Court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved. Defendant need not respond to stayed motions unless so notified by the Court.**

Dated: July 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, lohb.1493.26