UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LOHBECK,<br>Plaintiff,<br>v.<br>CSL PLASMA INC., et al.,<br>Defendants. | Case No. 2:26-cv-01493-DJC-CSK (PS)<br><br>PRETRIAL SCHEDULING ORDER AND ORDER DISMISSING DOE DEFENDANTS |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES, INCLUDING THOSE PROCEEDING WITHOUT COUNSEL, MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS.

On November 3, 2026, the Court conducted a status (initial pretrial scheduling) conference in this matter.[1] At the scheduling conference, Plaintiff appeared pro se, and attorney Natalie Fujikawa appeared on behalf of Defendant CSL Plasma Inc. After considering the parties' joint status reports (ECF Nos. 47, 48),[2] and the scheduling

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(21).

[2] Plaintiff filed an additional status report (ECF No. 48), but it appears to be duplicative of the parties' October 15, 2026 joint status report (ECF No. 47).

conference held, the Court issues the following pretrial scheduling order.

**I. NATURE OF THE CASE**

The following summary of the case comes from the parties' October 15, 2026 joint status report (ECF No. 47):

On December 8, 2025, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Sacramento, Case No. 25CV031740 (the "Complaint"), asserting the following causes of action against Defendant: (1) age discrimination in violation of California Civil Code sections 51, 51.5, and 52; (2) intentional infliction of emotional distress; (3) general negligence; and (4) unfair business practices in violation of California Business and Professions Code, sections 17200, *et seq. See* Plaintiff's Complaint, Dkt. No. 1-2, pp. 13-14. In the Complaint, Plaintiff seeks $10,000,000 for alleged emotional distress and punitive damages, statutory damages, injunctive relief, and costs of suit associated with his claims. *Id.* at 9, 14, 15, 20, 22.

**II. SERVICE OF PROCESS, JOINDER OF PARTIES, PLEADINGS AMENDMENT**

All named Defendants have been served and have answered the Complaint. (ECF No. 47 at 1, 2.) No further service, joinder of parties, or amendments to pleadings is permitted except with leave of Court, and only after good cause is shown.

The Court notes fifty (50) Doe Defendants are named in the Complaint. (*See* ECF No. 1-2 at 12.) The inclusion of such "Doe" defendants is generally disfavored in the Ninth Circuit. *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In addition, in the parties' October 15, 2026 joint status report, Plaintiff indicates that "Plaintiff does not anticipate joining additional parties at this time but reserves the right to seek leave to amend should discovery additional [sic] responsible persons or entities." (ECF No. 47 at 2.) Plaintiff confirmed this at the initial scheduling conference. The Doe Defendants are hereby DISMISSED from this case, and should Plaintiff wish to amend to add additional named defendants after discovering their identities, Plaintiff may file a motion to amend and submit this motion for the Court's review. No further service, joinder of parties, or

amendments to pleadings is permitted except with leave of Court, and only after good cause is shown.

## III. JURISDICTION/VENUE

Defendant removed this action on the basis of diversity jurisdiction (ECF No. 1 at 2-4), which the Court found to be proper in its July 16, 2026 Order and Findings and Recommendations (ECF No. 39) and which the district judge adopted in full (ECF No. 42). Plaintiff's motion to remand was denied. (ECF Nos. 39, 42.) Venue is proper and undisputed. (ECF No. 47 at 2.)

## IV. DISCOVERY DEADLINES AND PROCEDURES FOR DISCOVERY DISPUTES

### A. Initial Disclosures

The parties agreed to exchange Rule 26 Initial Disclosures on or before **November 16, 2026** by agreement. (ECF No. 47 at 6.) At the scheduling conference, the parties confirmed initial disclosures are on track to be completed.

### B. Joint Mid-Discovery and Mediation Status Statement

By **March 24, 2027**, all parties shall file with the Court a Joint Mid-Discovery and Mediation Status Statement summarizing the current status of discovery and mediation efforts. This statement shall include discovery completed to date and identification of issues, if any, preventing discovery from proceeding in a timely manner. The filing of this statement shall not relieve the parties or counsel of their obligations to meet and confer, comply with the deadlines set by the Court, and comply with the discovery procedures set by the Court.

### C. Non-Expert Discovery

In the parties' October 15, 2026 joint status report, Defendant requested limitations on written discovery, which the Court discussed with the parties at the November 3, 2026 scheduling conference. (*See* ECF No. 47 at 4-5.) As stated at the scheduling conference, Defendant's request is denied for lack of sufficient information to determine that the scope of discovery should be limited in this case, especially where the parties have not yet completed initial disclosures.

Defendant's request to conduct Plaintiff's deposition at the federal courthouse is granted. (*See* ECF No. 47 at 5.) The parties must coordinate sufficiently in advance of Plaintiff's deposition date with the undersigned's courtroom deputy at (916) 930-4187 or awaldrop@caed.uscourts.gov to use the witness room next to the courtroom.

All non-expert discovery shall be completed by **July 30, 2027**. "Completed" means (1) all non-expert discovery shall have been conducted, including written discovery and depositions taken, and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure, this Court's Local Rules,[3] including Local Rule 251, and Judge Kim's Civil Standing Orders.[4] Judge Kim hears civil motions on Tuesdays at 10:00 a.m.

**D. Expert Discovery**

The parties shall disclose any expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) no later than **September 20, 2027**. Any rebuttal expert disclosures shall be made in accordance with Fed. R. Civ. P. 26(a)(2) no later than **October 25, 2027**. Expert disclosures shall be served upon all parties. All expert discovery shall be completed by **November 24, 2027**. "Completed" means (1) all expert discovery shall have been conducted, including depositions taken, and (2) any disputes related to expert discovery shall have been resolved by appropriate court order if necessary and, where discovery has been ordered, the order has been complied with. The same procedures for discovery disputes applies to non-expert and expert discovery.

An expert witness not timely disclosed will not be permitted to testify unless the

---

[3] The Local Rules of the United States District Court for the Eastern District of California are available on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

[4] Judge Kim's Civil Standing Orders are available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/.

party offering the expert witness demonstrates that the failure was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c). Upon discovery of any such expert witness, the party offering the late disclosed expert witness must promptly notify all parties in writing, promptly make the expert witness available for deposition, and promptly notify the Court in a written filling. This filing must include the case deadlines for expert disclosures, expert discovery cut-off, dispositive motions, final pretrial conference, and trial. Failure to timely provide the information required by Fed. R. Civ. P. 26(a)(2) may lead to preclusion of the expert's testimony or other appropriate sanctions. See Fed. R. Civ. P. 37(c).

**E. Discovery Disputes**

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without Court intervention. Such meet and confer shall take place in person, by telephone, or by video. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were taken, including when and where such discussions took place, who participated, how the parties' disputes were narrowed as a result of such discussions; and (b) a summary of discovery completed to date. Failure to comply with these requirements may result in summary denial of any discovery motion.

The Court strongly encourages the use of informal telephonic discovery conferences with the Court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are set forth in Judge Kim's Civil Standing Orders. In addition, and subject to availability, the Court will rule on disputes encountered during oral depositions. If a dispute arises during the deposition, the parties may contact Judge Kim's Courtroom Deputy at (916) 930-4187 to inquire regarding Judge Kim's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the Court

may impose appropriate sanctions.

## V. MOTIONS

All pretrial law and motion, including motions for summary judgment under Fed. R. Civ. P. 56, shall be filed by **January 18, 2028** and heard by Judge Kim in Courtroom No. 25 by **February 22, 2028**.[5]

Dispositive motions must be filed following the procedures of Local Rules 230 and 260, and Judge Kim's Civil Standing Orders. Counsel and parties proceeding without counsel should pay particular attention to the rules for Statements of Undisputed Facts for motions for summary judgment, cross motions for summary judgment, and general brief requirements in the Local Rules and Judge Kim's Civil Standing Orders. If both Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule and requirements set out in Judge Kim's Civil Standing Orders for cross motions for summary judgment.[6] Judge Kim generally hears civil motions on Tuesdays at 10:00 a.m. This paragraph does not apply to motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the Court may set a special briefing schedule, if necessary or appropriate.

All purely legal issues are to be resolved by timely pretrial motion. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that can be resolved by pretrial motion. Motions in limine should address trial-related issues, such as the admissibility of evidence. The Court will look

---

[5] Pursuant to Local Rule 230(b), a motion set for hearing on February 22, 2028 must be filed by January 18, 2028, which is 35 days before the hearing date. Please note that Judge Kim has a separate schedule for cross motions for summary judgment, which is set out in her Civil Standing Orders. For cases with pro se parties, the assigned magistrate judge hears all non-dispositive and dispositive pretrial motions, including motions for summary judgment. *See* Local Rule 302(c)(21).

[6] Pursuant to Judge Kim's Civil Standing Orders, if both Plaintiff and Defendant intend to file motions for summary judgment, Plaintiff's opening summary judgment motion must be filed by December 28, 2027.

with disfavor upon dispositive motions or other substantive legal motions presented as motions in limine at the time of trial.

In the parties' October 15, 2026 joint status report, Defendant requested that Defendant be excused from Local Rule 230's requirement to file an opposition to any motions filed by Plaintiff and that the Court order Defendant to respond to future filings from Plaintiff if necessary. (ECF No. 47 at 8.) Defendant's request is denied. At the November 3, 2026 scheduling conference, the Court informed and reminded the parties of their obligations to follow the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of California, and the Civil Standing Orders of the judges assigned to this case. The parties' obligations include compliance with Federal Rule of Civil Procedure 11, which requires that, for any pleading or filing submitted to the Court: "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b). Plaintiff was further cautioned at the November 3, 2026 scheduling conference to stop filing duplicative or serial motions. Plaintiff indicated he understood the Court's warnings and would stop filing duplicative or serial motions.

## VI. DISPUTE RESOLUTION / MEDIATION

The parties may choose the form of dispute resolution and are ordered to participate in some form of dispute resolution (e.g., informal resolution, mediation, settlement conference, etc.) by **February 15, 2028**, which is after the completion of briefing on any dispositive motions filed by the parties. If the parties want to conduct a

settlement conference with another magistrate judge, they are to contact the undersigned's courtroom deputy at (916) 930-4187 or awaldrop@caed.uscourts.gov, to inquire as to the availability of another magistrate judge for a settlement conference. Parties should communicate the specific time frame when they would like the settlement conference held. Within two weeks of completing dispute resolution efforts, the parties are ordered to file a Joint Status Report providing an update as to the dispute resolution efforts.

**VII. FINAL PRETRIAL CONFERENCE**

The final pretrial conference is set for **May 18, 2028 at 1:30 p.m.** in Courtroom 7 before District Court Judge Daniel J. Calabretta. Hearings may be conducted by Zoom upon the joint request of all parties.

The parties are directed to file a **joint** pretrial statement that complies with the requirements of Local Rule 281 and Judge Calabretta's Standing Order in Civil Cases not less than seven (7) days prior to the Pretrial Conference. Counsel shall e-mail a copy of the joint pretrial statement in Word format to Judge Calabretta's chambers at djcorders@caed.uscourts.gov immediately thereafter.

The parties' attention is directed to Local Rules 281 and 282. This Court will insist upon strict compliance with these rules. At the pretrial conference, the Court will set deadlines to file trial documents, including motions *in limine*, trial briefs, and proposed jury voir dire, instructions, and verdict forms (where applicable).

**VIII. TRIAL**

A jury trial is set for **August 14, 2028 at 8:30 a.m.** in Courtroom 7 before District Court Judge Daniel J. Calabretta. Trial is anticipated to last three to five 3-5 court days.

/ / /

/ / /

/ / /

/ / /

/ / /

## IX. SCHEDULE SUMMARY

A summary of the schedule is provided below.

| Event | Deadline Ordered |
|---|---|
| Initial Disclosures Due By | November 16, 2026 |
| Joint Mid-Discovery and Mediation Status Statement Filed By | March 24, 2027 |
| Non-Expert Discovery Completion | July 30, 2027 |
| Expert Disclosures Due By | September 20, 2027 |
| Rebuttal Expert Disclosures Due By | October 25, 2027 |
| Expert Discovery Completion | November 24, 2027 |
| If cross-motions for summary judgment,[7] Plaintiff's Summary Judgment Motion Filed By | December 28, 2027 |
| If no cross-motions for summary judgment, Dispositive Motions Filed By | January 18, 2028 |
| Dispute Resolution Efforts Completed By | February 15, 2028 |
| Dispositive Motions Heard By | February 22, 2028 at 10:00 a.m., Courtroom 25 |
| Joint Pretrial Statement Filed By | 7 days before the FPTC (close of business) |
| Final Pretrial Conference | May 18, 2028 at 1:30 p.m. in Courtroom 7 before District Judge Daniel J. Calabretta |
| Jury Trial (3-5 days) | August 14, 2028 at 8:30 a.m. in Courtroom 7 before District Judge Daniel J. Calabretta |

## X. MODIFICATIONS OF THIS SCHEDULING ORDER

This case schedule will become final without further order of the Court unless written objections are filed within fourteen (14) days of the entry of this order. The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of Court upon a showing of "good cause." *See Johnson*

[7] If both Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule set out in Judge Kim's Civil Standing Orders for cross-motions for summary judgment.

*v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause. Requests or stipulations to continue dispositive motion deadlines, the final pretrial conference, or trial dates must establish good cause and are not granted lightly.

Any request or stipulation to modify this scheduling order must set forth the following:

1. the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;
2. whether there have been prior requests for extensions, and whether these were granted or denied by the Court; and
3. specific, concrete reasons supporting good cause for granting the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of negotiation efforts (e.g., whether a mediator has been selected, a mediation has been scheduled, etc.).

Dated: November 4, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, lohb.1493.26